UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE E.V.,<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.<br>Respondents. | No. 1:26-cv-05151-TLN-JDP<br>A# 244-828-264<br>**RELEASE ORDER** |

This matter is before the Court on Petitioner Jorge E.V.[1]'s ("Petitioner") Petition for Writ of Habeas Corpus (ECF No. 1), Motion for Temporary Restraining Order (ECF No. 2), and Motion to Appoint Counsel (ECF No. 3). Respondents filed an opposition to the Petition. (ECF No. 7.) For the reasons set forth below, Petitioner's habeas petition is GRANTED and his motions are DENIED as moot.

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual and Procedural Background[2]

The instant action arises from Petitioner's allegedly unlawful detention. (*See* ECF No. 1.) Petitioner is an immigration detainee held at Central Valley Annex Detention Facility. (*Id.*) He, along with his wife and children, were processed by immigration authorities on December 2, 2024 at the San Ysidro port of entry at a CBP One appointment and permitted to enter the United States. (*Id.* at 5–6; ECF No. 7-1 at 6.) He has no criminal history. (ECF No. 7-1 at 5.)

Since arriving in the United States, he has worked to support his family, had another child (who is, therefore, an American citizen), and developed connections with his church community. (ECF No. 1 at 6, 29–38.) Petitioner submits letters of support which attest to his good character, contributions to the church, and the impact of his detention on him and his family. (ECF No. 1 at 28–38.) Petitioner has no criminal history. (ECF No. 7-1 at 3.)

On May 21, 2026, local law enforcement conducted a traffic stop of a vehicle in which Petitioner was a passenger. (ECF No. 1 at 6; ECF No. 7-1 at 2.) As a result of his immigration status, Petitioner was arrested. (ECF No. 7-1 at 2.) Petitioner has now been in U.S. Immigration and Customs Enforcement ("ICE") detention for seven weeks. (*See id.*)

On July 6, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus challenging the lawfulness of his detention. (ECF No. 1.)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its

[2] These facts are either set forth in Respondents' pleadings or not disputed by them.

protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. ANALYSIS

Petitioner challenges his continued detention without notice or a hearing as violating the Fifth Amendment's Due Process Clause. (*See* ECF No. 1 at 16.) In opposition, Respondents contend Petitioner is an "applicant for admission" who is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)"). (*See* ECF No. 7.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."). These due process rights extend to immigration proceedings, including deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. S*ee Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### A. Liberty Interest

As to step one, the Court finds Petitioner gained a protected liberty interest in continued freedom when he was released into the United States by Respondents. (*See* ECF No. 1 at 5–6; ECF No. 7-1 at 6.) The government's release of Petitioner was an "implicit promise" that Petitioner would not be re-detained during the pendency of his immigration proceedings. *See Morrissey*, 408 U.S. at 482. Petitioner has developed deep ties to his community and enduring

connections of normal life, including maintaining gainful employment, residing with his family, establishing a church community, and rearing a child who is a United States citizen. (ECF No. 1 at 5–38.)

Petitioner thus has a clear interest in his continued freedom as he awaits the outcome of his immigration proceedings. *See, e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

Respondents' only arguments in opposition to the habeas petition are ones that this Court has repeatedly rejected, and Respondents offer no "facts or law to distinguish this case from [this Court's] prior orders." (ECF No. 7 at 1.) The vast majority of courts across the Ninth Circuit, including this one, have repeatedly rejected Respondents' argument on the applicability of § 1225(b)(2). *See e.g.*, *Hortua v. Chestnut*, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916, at *3 (E.D. Cal. Dec. 9, 2025); *Estrada-Samayoa v. Orestes Cruz*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases). "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). In comparison, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of [§] 1225(b)(2)(A); (2) disregards the relationship between [§§] 1225 and 1226; (3) would render a recent amendment to [§] 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases). Respondents put forth no new arguments justifying a different conclusion in this case. (*See generally* ECF No. 7.) Accordingly, Petitioner has a clear interest in his continued liberty protected by the Due Process Clause.

B. <u>Process Required</u>

To determine what process is necessary to ensure any deprivation of Petitioner's protected liberty interest accords with the Constitution, the Court considers three factors: (1) "the private

interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). As set forth below, these factors support Petitioner's constitutional right to notice and a pre-deprivation hearing.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the government's actions detaining him. *See Doe*, 787 F. Supp. 3d at 1094. Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest for his detention to comport with due process. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner has received virtually no procedural safeguards to ensure any detention is reasonably related to those purposes. *Hernandez*, 872 F.3d 976. As Respondents do not argue Petitioner is a danger to the public or a flight risk, and Petitioner has no criminal history and has demonstrated ties to his community in this country, the risk that he is being detained without proper justification is exceedingly high. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Third, the government's interest in detaining Petitioner without notice and a pre-deprivation hearing is low. The effort and cost required to provide Petitioner procedural safeguards are minimal. *See Doe*, 787 F. Supp. 3d at 1094. Notice and custody determination hearings are routine processes for Respondents. Any burden associated with their provision does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation. Respondents articulate no legitimate interest in detaining Petitioner absent these processes.

Upon consideration of the *Mathews* factors, the Court finds Petitioner was entitled to

notice and a hearing before a neutral decisionmaker prior to his detention and received neither. Nor did he receive a hearing in his seven weeks of detention. Therefore, Respondents have violated Fifth Amendment Due Process Clause.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus[3] (ECF No. 1) and DENIES Petitioner's Motion for Temporary Restraining Order (ECF No. 2) and Motion to Appoint Counsel (ECF No. 3) as moot. The Court further orders:

1. Respondents must IMMEDIATELY RELEASE Petitioner Jorge E.V. (A# 244-828-264) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions. **Respondents must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.**

2. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

**3. The Clerk of Court is directed to serve Central Valley Annex Detention Facility with a copy of this Order.**

4. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

//

//

---

[3] Petitioner also seeks an award of attorney's fees and costs under the Equal Access to Justice Act. (ECF No. 1 at 17.) The Court will consider any timely filed request for fees and costs on a properly noticed and supported motion.

IT IS SO ORDERED.

Date: July 10, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE